# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11CR3255 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ROBERTO FRANCISCO RAMOS-PEREZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to invalid deportation filed by the Defendant Roberto Francisco Ramos-Perez. (ECF No. 11).

**BACKGROUND FACTS**

Defendant was born in Jocotepec, Mexico in 1972. On December 28, 1976, Defendant received an immigrant visa from the American Consulate in Guadalajara, Mexico. On January 7, 1977, Defendant was admitted into the United States using the immigrant visa at the San Ysidro Port of Entry. Defendant subsequently became a lawful permanent resident.

In 1990, Defendant was arrested and charged with assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1), with an enhancement for inflicting great bodily injury pursuant to § 12022.7. On November 21, 1991, the jury returned a verdict of guilty to the § 245(a)(1) charge and made a special finding as to the § 12022.7 enhancement.

On November 21, 1991, Defendant entered guilty pleas to charges of taking a vehicle

without consent in violation of Cal. Vehicle Code § 10851(a) and to receiving stolen property in violation of Cal Penal Code § 496. These charges occurred on a different date from the assault with a deadly weapon charges. Defendant was sentenced to three years in prison for the § 245(a)(1) conviction, with a three year consecutive sentence for the inflicting great bodily injury under § 12022.7, for a total of six years in prison. Defendant was sentenced to an eight month consecutive sentence for the § 1851(a) conviction and a stayed sentence for the § 496 conviction.

On March 6, 2009, Defendant was convicted of grand theft money/property, in violation of Cal Penal Code § 487. Defendant was sentenced to 20 days in jail and two years probation.

On February 10, 2010, Defendant applied for entry into the United States at the San Francisco Port of Entry.

On April 28, 2010, the Immigration and Customs Enforcement issued a Notice to Appear for removal proceedings to the Defendant. The Notice to Appear stated:

> 1. You are not a citizen or national of the United States;
> 2. You are a citizen of MEXICO and a National of Mexico;
> 3. On January 7, 1977, you were granted Lawful Permanent Residence to the United States...;
> 4. On or about November 21, 1991, in Superior Court of California, County of Contra Costa, you were found GUILTY BY JURY of Assault with Deadly Weapon, in violation of Penal Code Section 245(a)(1), a felony. For this offense you were sentenced to three (3) years in jail;
> 5. On or about November 21, 1991, in Superior Court of California, County of Contra Costa, you were convicted of Driving Car without Consent, in violation of Penal Code Section 10851(a), a MISDEMEANOR. For this offense you were sentenced to eight (8) months in jail;
> 6. On or about November 21, 1991, in Superior Court of California, County of Contra Costa, you were convicted of Receiving Stolen Property, in violation of Penal Code Section 496, a MISDEMEANOR;
> 7. On or about March 06, 2009, in Superior Court of California, County of Contra Costa, you were convicted of Grand Theft, in violation of Penal Code Section 487(a), a MISDEMEANOR;
> 8. On or about February 10, 2010, you made application for entry into the United States at the San Francisco Port of Entry as a Lawful Permanent Resident of the United States.
> 9. On or about February 10, 2010, you were paroled to appear at the San Francisco Deferred Inspections Office.

(ECF No. 14-3 at 8). The Notice To Appear charged that the Defendant was subject to removal from the United States pursuant to "Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who having

committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime." *Id.*

On November 3, 2010, Defendant[1] and his attorney, Bobby G. Bell appeared before an Immigration Judge for hearing. At the hearing, Defendant admitted allegations 1, 2, 8 and 9. Defendant denied the remaining allegations in the Notice to Appear. Bell informed the Immigration Judge that he planned to file a request for cancellation of removal under INA § 245A(a). The Government stated its intention to file a motion to pretermit the application for cancellation of removal based upon Defendant's prior aggravated felony. The Immigration Judge set the matter for individual hearing on February 3, 2010.

On December 17, 2010, Bell filed an application for cancellation of removal on behalf of the Defendant.

On January 18, 2011, the Immigration Judge held a further hearing with the Defendant, Bell and the Government. The Immigration Judge informed the Defendant that he would be unable to receive bond but that Bell had reserved his right to appeal the bond determination. The Immigration Judge asked the Government when they would file their motion to pretermit the application for cancellation of removal based upon Defendant's prior aggravated felony, namely, the conviction for assault with a deadly weapon in violation of § 245(a)(1).

On January 20, 2011, the Government filed its motion to pretermit the application for cancellation of removal. The Government asserted that the Defendant's prior aggravated felony for assault with a deadly weapon in violation of § 245(a)(1) made the Defendant ineligible for cancellation of removal.

On January 24, 2010, the Immigration Judge issued an "Order granting the Government's motion to pretermit Defendant's application for cancellation and for removal." ECF No. 12-4 at 17. The Immigration Judge stated:

> Here, respondent was convicted by jury trial of assault with a deadly weapon in violation of Cal. Penal Code § 245A(a)(1). He was sentenced to a 3 years period of incarceration. See Exhibit 2. Having received a sentence of imprisonment

---

[1]Defendant was the Respondent in the deportation proceeding.

- 3 - 11cr3255 WQH

of at least one year, respondent was convicted of an aggravated felony. INA §101(a)(43)(F).

*Id.* at 18. The Immigration Judge found "by clear and convincing evidence that the allegations contained in the Notice to Appear as proven as truthful" and that the Defendant was removable as charged. *Id*. at 17.

On January 24, 2011, the Immigration Judge entered an order of removal. Defendant reserved appeal. The Order stated that an appeal was due by February 23, 2011.

On February 8, 2011, Bell, filed "RESPONDENT'S WAIVER OF APPEAL" in the immigration proceedings which stated "On behalf of Respondent, Roberto Francisco Ramos Perez, appeal of the Immigration Judge's decision dated January 24, 2011, is hereby waived." (ECF No. 15-4 at 20). This document is signed by counsel Bobby Bell.

On February 11, 2011, Defendant was removed from the United States pursuant to a Warrant of Removal/Deportation.

On May 27, 2011, Defendant applied for entry into the United States at the San Ysidro Port of Entry pedestrian entrance. Upon inspection, Defendant presented a Border Crossing Card bearing the name of another. Defendant was referred to secondary for further inspection. During secondary inspection, it was confirmed that Defendant was not a citizen of the United States. Fingerprint and photograph query returned a match identifying the Defendant as a citizen and national of Mexico previously deported from the United States to Mexico. Further query produced the Defendant's criminal and immigration history and confirmed that the Defendant had no legal right to enter or remain in the United States. Defendant was placed under arrest.

On July 27, 2011, the grand jury charged that the Defendant was an alien, who previously had been excluded, deported and removed from the United States, found in the United States in violation of 8 U.S.C. § 1326 (a) and (b). (ECF No. 1).

**CONTENTIONS OF THE PARTIES**

Defendant moves to dismiss the indictment on the grounds that his 2011 deportation order is invalid. Defendant asserts that he never executed a valid waiver of his right to appeal administratively or judicially. Defendant asserts that the conclusion of the Immigration Judge

that he was removable was a due process violation. Defendant contends that he was not removable as charged because none of his convictions alleged in the Notice to Appear qualify as a crime of moral turpitude. Defendant asserts that his conviction for assault with a deadly weapon under Cal Penal Code § 245(a) does not qualify categorically as a crime of moral turpitude and that the Immigration Judge did not have sufficient judicially noticeable documents to find that he had the specific intent required to have committed a crime of moral turpitude.

The Government contends that the Defendant cannot sustain a collateral attack on his prior deportation because he was represented by counsel at the prior deportation proceeding and failed to exhaust his administrative remedies. The Government further asserts that the Defendant cannot show that the order of deportation was fundamentally unfair because several of the Defendant's prior convictions qualify as a crime of moral turpitude.

**APPLICABLE LAW**

A predicate removal order is a necessary element of a § 1326 prosecution. Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

**RULING OF THE COURT**

Waiver of Appeal

In this case, the Defendant was represented by counsel at every stage of the immigration proceedings. Counsel appeared on behalf of the Defendant at all hearings and submitted written motions on behalf of the Defendant. The record shows that the written order "that the respondent be removed from the United States to Mexico" dated January 24, 2011

was served upon counsel for the Defendant by personal service. (ECF No. 15-4 at 18, 19). The "Order of the Immigration Judge" stated that an appeal was due by February 23, 2011. The "Respondent's Waiver of Appeal" was submitted on February 8, 2011 signed by counsel for the Defendant. Under the facts of this case, the "Respondent's Waiver of Appeal" is sufficient to carry the Government's burden of establishing a knowing and voluntary waiver of appeal. While the Defendant did not sign the waiver of appeal, Defendant was represented by counsel at all stages of the proceedings. There are no facts in this record which would suggest that counsel did not inform the Defendant of his right to appeal and was not authorized to convey the Defendant's waiver of appeal. The Order of the Immigration Judge noted that appeal was reserved and informed the Defendant that the appeal was due by February 23, 2011. Defendant, through his counsel, waived his right to appeal.

Due Process Violation

Defendant asserts that his conviction for assault with a deadly weapon under § 245(a)(1) is not a categorical crime of moral turpitude and that the Abstract of Judgment was not a sufficiently judicially noticeable document for the Immigration Judge to find that he acted with the specific intent required to have committed a crime of moral turpitude. The Government contends that the Defendant's conviction for assault with a deadly weapon under § 245(a)(1) and inflicting great bodily injury under § 12022.7 contain the elements of intentionally and wilfully engaging in violent conduct likely to injure and, by its inherent nature, moral turpitude.

The Order of the Immigration Judge found that the Defendant was "convicted by jury trial of assault with a deadly weapon in violation of Cal. Pen. Code § 245(a)(1). He was sentenced to a 3 years period of incarceration. See Exhibit 2. Having received a sentence of imprisonment of at least one year, respondent was convicted of an aggravated felony." (ECF. No. 15-4 at 18). The Abstract of Judgment relied upon by the Immigration Judge showed that the Defendant was convicted by jury trial of assault with a deadly weapon in violation of Cal. Pen. Code § 245(a)(1) with an enhancement under Section 12022.7. (ECF No. 15-5 at 3).

Convictions for assault with an aggravating element, such as the use of a deadly weapon

and inflicting great bodily injury have been found to involve moral turpitude. *See Weedin v. Yamada,* 4 F.2d 455, 457 (9th Cir. 1925) ("an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury... involves moral turpitude beyond any question."); *Gonzales v. Barber*, 207 F.3d 398, 400 (9th Cir. 1953) *aff'd on other grounds*, 347 U.S. 647 (1954) ("Here we are faced with the federal question of whether the crime involves such moral turpitude ... assault with a deadly weapon is such a crime."). *But see, Komarenko v. INS,* 35 F.3d 432 (9th Cir. 1994) (Respondent deported on basis of assault with a deadly weapon raised an equal protection claim challenging the statutory scheme precluding him from relief under Section 212(c)); *Carr v. INS*, 86 F.3d 949 (9th Cir. 1996) (Respondent deported on basis of assault with a deadly weapon presented constitutional claim that the policy of the INS of recognizing expungement for some crimes but not for weapons offenses violated his right to equal protection).

In *Morales-Garcia v. Holder*, 567 F.3d 1058 (9th Cir. 2009), the Court of Appeals concluded that a conviction for abuse of cohabitant under Cal. Penal Code § 273.5(a) did not qualify categorically as a crime of moral turpitude. The Court of Appeals stated:

> 'Whether a crime involves moral turpitude is determined by the statutory definition or by the nature of the crime and not by the specific conduct that resulted in the conviction.' *[Navarro-Lopez v. Gonzales,* 503 F.3d] at 1070 (citation and quotation marks omitted). The categorical approach requires that we "compare the elements of the statute of conviction to the generic definition [of moral turpitude], and decide whether the conduct proscribed ... is broader than, and so does not categorically fall within, this generic definition." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir. 2006) (citation and quotation marks omitted). We have observed that "there are no statutorily established elements for a crime involving moral turpitude." *Navarro-Lopez*, 503 F.3d at 1068. Its meaning left to the BIA and courts to develop through case-by-case adjudication. *See Nicanor-Romero v. Mukasey*, 523 F.3d 992, 997 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos*, 558 F.3d 903. We have "defined 'moral turpitude' as involving conduct that is inherently base, vile, or depraved, and contrary to the private and social duties man owes to his fellow men or to society in general." *Navarro-Lopez*, 503 F.3d at 1068; *see also In re Sejas*, 24 I. & N. Dec. 236, 237 (BIA 2007) (applying a similar definition). The BIA has added that "[t]he essence of moral turpitude is an evil or malicious intent[,]" and, therefore, "[t]he test to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind." *In re Tran*, 21 I. & N. Dec. 291, 293 (BIA 1996). Under the categorical approach, "the question is not whether *some* of the conduct prohibited by [the statute] is morally turpitudinous," but rather "whether *all* of the conduct prohibited by [the statute] is morally turpitudinous." *Nicanor-Romero*, 523 F.3d at 999.

*Id.* at 1062 (footnote omitted). The Court of Appeals explained:

> Our past decisions make clear that assault and battery, without more, do not qualify as CIMTs. *See Fernandez-Ruiz*, 468 F.3d at 1165 (recognizing that "simple assault" does not involve moral turpitude); *Galeana-Mendoza*, 465 F.3d at 1061 (holding that domestic battery under Cal. Penal Code § 243(e) is not categorically a CIMT); *see also In re Sejas*, 24 I. & N. Dec. at 237 (acknowledging the general rule that "a simple assault and battery offense does not involve moral turpitude"); *In re Fualaau*, 21 I. & N. Dec. 475, 476, 478 (BIA 1996) (en banc) (holding that conviction under an assault statute involving bodily harm did not rise to the level of a CIMT without an "aggravating dimension"). Such offenses, however, may transform into CIMTs "if they necessarily involved aggravating factors that significantly increased their culpability[,]" such as "the *intentional* infliction of *serious* bodily injury on another" or "infliction of bodily harm upon a person whom society views as deserving special protection...." *Galeana-Mendoza*, 465 F.3d at 1061 (emphasis in original) (quoting *In re Sanudo*, 23 I. & N. Dec. 968, 973 (BIA 2006)); *see also In re Sejas*, 24 I. & N. Dec. at 237 (recognizing identical factors).

*Id.* at 1065. The Court of Appeals held that the special relationship factor in § 273.5(a) did not "transform § 273.5(a) into a crime categorically involving moral turpitude." *Id.* at 1066.

In this case, the record before the Immigration Judge was sufficient to establish that the Defendant's conviction on or about November 21, 1991, by a jury of assault with a deadly weapon in violation of Cal. Pen. Code § 245(a)(1) was a crime of moral turpitude for which the Defendant was subject to removal under § 212(a)(2)(A)(i)(I). The Abstract of Judgment relied upon by the Immigration Judge showed that the Defendant was convicted by a jury of assault with a deadly weapon in violation of Cal. Pen. Code § 245(a)(1)[2] with an enhancement under § 12022.7.[3] (ECF No. 15-5 at 3). The Abstract of Judgment shows that the Defendant was sentenced to a term of three years in prison for the assault charge and a consecutive three years in prison for the Section 12022.7 enhancement. "[A]ssault ... requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v.*

---

[2] Cal. Pen. Code § 245(a)(1) states: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment."

[3] Cal. Penal Code § 12022.7(a) states: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

*Williams*, 26 Cal.4th 779, 790 (2001) (assault with a firearm under Cal Penal Code § 245(a)(2)). Cal. Penal Code § 12022.7(a) requires a finding of "personally inflict[ing] great bodily injury." Defendant's conviction "necessarily involved aggravating factors that significantly increased ... culpability[,]" such as "the *intentional* infliction of *serious* bodily injury on another" sufficient to support the finding of a crime of moral turpitude. *Galeana-Mendoza*, 465 F.3d at 1061. The record shows that the Defendant was removable as charged.

IT IS HEREBY ORDERED that the motion to dismiss the indictment due to invalid deportation filed by the Defendant Roberto Francisco Ramos-Perez (ECF No. 11) is denied.

DATED: November 10, 2011

**WILLIAM Q. HAYES**
United States District Judge